**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 12-00581 |
| | ) |
| THE SHOREBANK CORPORATION, et al., | ) (Substantively Consolidated) |
| | ) |
| Debtors.[1] | ) *Chapter 11* |
| | ) |
| | ) Hon. A. Benjamin Goldgar |
| | ) |
| | ) **Response Deadline: November 2, 2012 at 4:00 p.m.** |
| | ) **(prevailing Central Time)** |
| | ) |
| | ) **Hearing Date: November 7, 2012 at 10:00 a.m.** |
| | ) **(prevailing Central Time)** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** on October 12, 2012 the Liquidation Trust Administrator filed the **MOTION FOR FINAL DECREE AND ORDER CLOSING THE DEBTORS' BANKRUPTCY CASES AND GRANTING OTHER RELATED RELIEF (the "Motion").**

**PLEASE TAKE FURTHER NOTICE THAT** on **November 7, 2012 at 10:00 a.m. (prevailing Central time)**, we shall appear before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge, Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 613, Chicago, IL 60604, or before any other judge who may be sitting in his place and stead.

**PLEASE TAKE FURTHER NOTICE THAT** any response to the Motion must be filed with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") on or before **4:00 p.m. (prevailing Central**

---

[1]   The Debtors consist of: The ShoreBank Corporation (EIN: 36-2749995); ShoreBank Capital Corporation (EIN: 36-2954117); ShoreBank Development Corporation (EIN: 36-2950598); ShoreBank Pacific Corporation (EIN: 91-1837395); Shore Overseas Corporation (EIN: 36-4080746); ShoreCap Management, Ltd. (EIN: 61-1452284)]; ShoreBank Lands Corporation (EIN: [●]); ShoreBank New Markets Fund, Inc. (EIN: 41-2223726); SBK NMTC Fund I, LLC (EIN: 41-2223728); SBK NMTC Fund II, LLC (EIN: 41-2223731); SBK NMTC Fund III, LLC (EIN: 41-2223734); SBK NMTC Fund IV LLC (EIN: 41-2223735).

**time) on November 2, 2012**, and served as to be received by the following parties no later than **November 2, 2012, 2012 at 4:00 p.m. (prevailing Central time)**: (a) The ShoreBank Corporation Liquidation Trust Administrator, 333 Thornall St., 6th Floor, Edison, NJ 08837 (Attn: Clifford A. Zucker), (b) counsel to The ShoreBank Corporation Liquidation Trust Administrator, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Attn: George N. Panagakis), and (c) the Office of the United States Trustee for the Northern District of Illinois, 219 South Dearborn Street, Suite 873, Chicago, IL 60605 (Attn: Roman L. Sukley, Esq.). Only those responses made in writing and timely filed and received will be considered by the Bankruptcy Court at the hearing.

      **PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: Chicago, Illinois
       October 12, 2012

      */s/ George N. Panagakis*
      George N. Panagakis (ARDC No.06205271)
      Justin M. Winerman (ARDC No. 6298779)
      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
      155 North Wacker Drive
      Chicago, Illinois 60606
      (312) 407-0700

      Counsel for the Liquidation Trust Administrator for The ShoreBank Corporation Liquidation Trust

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 12-00581 |
| | ) |
| THE SHOREBANK CORPORATION, et al., | ) (Substantively Consolidated) |
| | ) |
| Debtors.[1] | ) *Chapter 11* |
| | ) |
| | ) Hon. A. Benjamin Goldgar |
| | ) |
| | ) **Response Deadline: November, 2, 2012 at 4:00 p.m.** |
| | ) **(prevailing Central Time)** |
| | ) |
| | ) **Hearing Date: November 7, 2012 at 10:00 a.m.** |
| | ) **(prevailing Central Time)** |

**MOTION FOR FINAL DECREE AND ORDER CLOSING THE DEBTORS'
BANKRUPTCY CASES AND GRANTING OTHER RELATED RELIEF**

Clifford A. Zucker, in his capacity as liquidation trust administrator (the

"Liquidation Trust Administrator") for The ShoreBank Corporation Liquidation Trust (the

"Liquidation Trust"), successor in interest to the above-captioned debtors and debtors-in-

possession (collectively, the "Debtors") hereby submits this motion (the "Motion") for a final

decree and order, substantially in the form attached hereto as Exhibit A (the "Final Decree and

Order"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3022-1 of the Local Bankruptcy Rules (the "Local Bankruptcy Rules"), the

Confirmation Order (as defined herein), and the Plan (as defined herein) closing the bankruptcy

---

[1]  The Debtors consist of: The ShoreBank Corporation (EIN: 36-2749995); ShoreBank Capital Corporation (EIN: 36-2954117); ShoreBank Development Corporation (EIN: 36-2950598); ShoreBank Pacific Corporation (EIN: 91-1837395); Shore Overseas Corporation (EIN: 36-4080746); ShoreCap Management, Ltd. (EIN: 61-1452284)]; ShoreBank Lands Corporation (EIN: [●]); ShoreBank New Markets Fund, Inc. (EIN: 41-2223726); SBK NMTC Fund I, LLC (EIN: 41-2223728); SBK NMTC Fund II, LLC (EIN: 41-2223731); SBK NMTC Fund III, LLC (EIN: 41-2223734); SBK NMTC Fund IV LLC (EIN: 41-2223735).

cases that are substantively consolidated under the above-referenced case number.  In support of

this Motion, the Liquidation Trust respectfully represents as follows:

## BACKGROUND

1.      On January 9, 2012 (the "Petition Date"), each of the Debtors commenced

a case (collectively, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code")

in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the

"Bankruptcy Court" or the "Court").

2.      On January 11, 2012, the Court entered a final order authorizing the

retention of The Garden City Group, Inc. ("GCG") as notice and claims agent for the Debtors

(the "Retention Order") pursuant to 28 U.S.C. § 156(c), which allows the Clerk of Court (defined

below) to delegate certain tasks.  The terms of GCG's retention were set forth in the Bankruptcy

Administration Agreement (the "Retention Agreement"), dated December 11, 2011 and effective

as of that date, between the Debtors and GCG.

3.      On June 12, 2012, the Debtors filed their Amended Joint Plan of

Liquidation of The ShoreBank Corporation and its Affiliated Debtors and Debtors-in-Possession,

as modified June 12, 2012 (Docket No. 153) (as amended, the "Plan").[2]

4.      On June 14, 2012, the Court entered its Order Confirming the Plan

(Docket No. 159) (the "Confirmation Order").

5.      The Plan went effective on June 29, 2012 (the "Effective Date").

---

[2]    Capitalized terms used herein but not defined herein shall have the meanings assigned to them in the Plan
(including the Liquidation Trust Agreement).

2

6.      Upon the Effective Date, the Liquidation Trust Agreement by and among

The Debtors and Clifford A. Zucker, in his capacity of Liquidation Trust Administrator, was

fully-executed and became effective (Docket No. 167).

### JURISDICTION

7.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

8.      The statutory predicates for the relief requested herein are sections 105(a)

and 350(a) of the Bankruptcy Code.  Relief is also warranted under Bankruptcy Rule 3022 and

Local Bankruptcy Rule 3022-1.

### RELIEF REQUESTED

9.      By this Motion, the Liquidation Trust Administrator requests that the

Court enter the Final Decree and Order closing the Debtors' bankruptcy cases (the "Chapter 11

Cases") and approving the termination of GCG's retention and the release of GCG from any

further obligations in the Chapter 11 Cases.

10.      A closing report for the Chapter 11 Cases is attached hereto as Exhibit B

(the "Closing Report").

### BASIS FOR RELIEF

11.      The Plan has been substantially consummated with respect to the Chapter

11 Cases.  First, the Confirmation Order has become final.

12.      Second, as set forth in the Plan and the Liquidation Trust Agreement, on

the Effective Date a Liquidation Trust was created, and the Liquidation Trust Assets were

transferred to the Liquidation Trust.  Accordingly, the Liquidation Trust Administrator, as

3

successor to the Debtors, has assumed management of the Debtors' assets, and the property

proposed by the Plan to be transferred has in fact been transferred to the Liquidation Trust

Administrator.[3]

13.    Third, prior to the Effective Date, the Debtors were able to resolve almost

all Disputed Claims, leaving only a few claims to be resolved by the Liquidation Trust

Administrator. Since the Effective Date, the Liquidation Trust Administrator has been able to

resolve all remaining disputed claims.  Therefore, all motions, contested matters, and adversary

proceedings have been finally resolved.

14.    Fourth, since the Effective Date, the Court has considered and granted in

part all of the final fee applications submitted by the professionals retained in the Chapter 11

Cases.  The exact amounts of fees and expenses submitted to and approved by the Court are set

forth in the Closing Report.

15.    Finally, the Liquidation Trust Administrator has made the Initial

Distribution to creditors under the Plan.  Specifically, as of the date hereof, the Liquidation Trust

has disbursed $8,500,000 to the FDIC and more than $5,445,000 to other creditors, for a total

amount distributed to creditors so far of nearly $14,000,000. Consequently, payments under the

Plan have commenced.

16.    Local Bankruptcy Rule 3022-1 requires that the party moving to close the

case shall state with the notice or motion the actual status of payments due to each class under

---

[3]        The Plan and the Liquidation Trust Agreement specifically contemplate that the Debtors' assets would
transfer to the Liquidation Trust, which would be responsible for, among other things, liquidating those assets and
making distributions to creditors.  See, e.g., Plan §§ 7.4, 13.3(c).  All readily monetizable assets have already been
liquidated.  The remaining longer-term assets that will be monetized by the Liquidation Trust are, for various
reasons, more illiquid or have been determined by the Liquidation Trust Administrator to have more value if they
are not monetized right away.

4

the confirmed plan.  To that end, the distributions contemplated by or described in the Plan have

been completed as follows:

| Class | Treatment | Status of Payments/Date(s) of Distribution |
|---|---|---|
| Class 1 – Secured Claims | Unimpaired | N/A |
| Class 2 – Non-Tax Priority Claims | Unimpaired | N/A |
| Class 3 – FDIC Claim | Impaired | Paid $8,500,000 on 7/31/2012 |
| Class 4 – Senior Indebtedness Claim | Impaired | Initial Distribution of $4,988,886.45 made on September 18, 2012 |
| Class 5 – General Unsecured Claims | Impaired | Initial Distribution of approximately $378,100 made on or about September 18, 2012 |
| Class 6 – Subordinated Note Claims | Impaired | N/A |
| Class 7 – Subordinated Claims | Impaired | N/A |
| Class 8 – Old Equity Interests | Under the Plan, Old Equity Interests were cancelled, released, and extinguished, and Holders of such Interests neither received nor retained any property on account of such Interests. | N/A |

17.     Other than as outlined in the foregoing paragraphs, there is no remaining

activity for the Liquidation Trust.  Consequently, the Plan has been substantially consummated.

18.     Accordingly, the Liquidation Trust Administrator requests that the Court

close the Chapter 11 Cases.

19.     Such an Order will relieve the Court, the United States Trustee (the

"UST"), and the Liquidation Trust Administrator of the administrative burdens relating to the

Chapter 11 Cases, and to allow the Liquidation Trust to avoid incurring further quarterly fees

under 28 U.S.C. § 1930 for the Chapter 11 Cases without receiving any corresponding benefit.

5

20.     Section 350(a) of the Bankruptcy Code provides that the Court shall close a case after the estate has been fully administered.  11 U.S.C. § 350(a).  Bankruptcy Rule 3022 further provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

21.     The 1991 Advisory Committee's note to Bankruptcy Rule 3022 lists the following factors to be considered in determining whether a case has been fully administered:

    (a)     whether the order confirming the plan of reorganization has become final;

    (b)     whether deposits required by the plan of reorganization have been distributed;

    (c)     whether property proposed by the plan of reorganization to be transferred has in fact been transferred;

    (d)     whether the debtor has assumed the business addressed by the plan of reorganization;

    (e)     whether payments under the plan of reorganization have commenced; and

    (f)     whether all motions, contested matters and adversary proceedings have been finally resolved.

See Fed. R. Bank. P. 3022, Advisory Committee Note (1991).  These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree.  See In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

22.     Courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code.  See In re BankEast Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991).  To determine whether a bankruptcy estate is substantially consummated for the purposes of entering

6

a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case

sought to be closed.  See Walnut Assoc. v. Saidel, 164 B.R. 487, 492 (E.D. Pa. 1994).  Section

1101(2) defines substantial consummation as follows:

> (a)  transfer of all or substantially all of the property proposed by the plan to
>       be transferred;
>
> (b)  assumption by the debtor or by the successor to the debtor under the plan
>       of the business or of the management of all or substantially all of the
>       property dealt with by the plan; and
>
> (c)  commencement of distributions under the plan.

23.  The Chapter 11 Cases of the above-captioned Debtors have been fully

administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate

for the Court to enter a final decree closing the cases.  Specifically, as noted above, (a) the

Confirmation Order is final and non-appealable; (b) there are no unresolved motions, contested

matters, or adversary proceedings pending in the Chapter 11 Cases, and the Liquidation Trust

Administrator anticipates that no motions, contested matters, or adversary proceedings will be

pending as of the date of the hearing with respect to this Motion; (c) all property required to be

transferred pursuant to the Plan has been transferred; and (d) distributions required to be made

pursuant to the Plan have been commenced.  In addition, all claims to which the Liquidation

Trust Administrator disputed have been either (1) disallowed or (2) settled.  Finally, the Debtors

and/or the Liquidation Trust Administrator, has paid, or will pay when due, any fees due under

28 U.S.C. § 1930.

24.  Under the circumstances, closing the Chapter 11 Cases is also an

appropriate exercise of the Court's equitable powers under section 105 of the Bankruptcy Code,

which provides, in relevant part, that "[t]he court may issue any order, process, or judgment that

is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105.  Closing the

7

Chapter 11 Cases will relieve the Court, the UST, and the Liquidation Trust Administrator of the burden of continuing to monitor and/or administer the Chapter 11 Cases.  In addition, the relief sought herein will spare the Liquidation Trust from incurring unnecessary expenses, including quarterly fees under 28 U.S.C. § 1930, in connection with the Chapter 11 Cases.  See In re A.H. Robins Co., Inc., 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid ad infinitum.").

25.    The attached proposed Final Decree and Order provides that within fourteen (14) days of the entry of the proposed Final Decree and Order, the Liquidation Trust Administrator shall file with the Court and serve upon the UST a statement of disbursements made since the last payment of quarterly fees to the UST, and submit with such statement payment of any amount that would be due and owing to the UST under 28 U.S.C. § 1930 with respect to such disbursements.

26.    The Plan and the Liquidation Trust Agreement also provide for and contemplate the relief requested herein.  Section 7.12 of the Plan provides:

> When all Disputed Claims Filed against the Debtors have become Allowed Claims or have been disallowed, and all remaining assets of the Debtors have been liquidated and converted into Cash (other than those assets abandoned by the Debtors or the Liquidation Trust Administrator), and such Cash has been distributed in accordance with this Plan, or at such earlier time as the Liquidation Trust Administrator deems appropriate, the Liquidation Trust Administrator shall seek authority from the Bankruptcy Court to close the Chapter 11 Cases in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

27.    The Liquidation Trust Administrator has deemed it appropriate at this time to seek authority from the Court to close the Chapter 11 Cases.  The Liquidation Trust Administrator submits that the Chapter 11 Cases have been fully administered and that, in

8

accordance with the Plan, the Liquidation Trust Agreement, the Bankruptcy Code, the

Bankruptcy Rules, and the Local Bankruptcy Rules, the Court should enter a decree closing the

Chapter 11 Cases pursuant to section 350 of the Bankruptcy Code.

28.     In addition, since its retention, GCG has continuously performed notice

and claims services.  In this capacity, GCG has, among other things, (i) served motions, orders,

notices, and other pleadings as directed by the Debtors and the Liquidation Trust Administrator,

(ii) received and processed proofs of claim filed against the Debtors, (iii) maintained the official

claim register, and (iv) hosted a public website and a telephone number dedicated to providing

information about the administration of the Chapter 11 Cases.

29.     As provided in Section 3.1 of the Retention Agreement, the term of GCG's

retention shall continue until performance in full of the services as set forth in the Retention

Agreement.  As GCG has fully performed the services as provided under the Retention

Agreement, the Liquidation Trust Administrator seeks entry of an order approving the

termination of GCG's retention and the release of GCG from any further obligations in the

Chapter 11 Cases.

30.     Specifically, the Liquidation Trust Administrator seeks entry of the Final

Decree and Order which provides as follows:

(i)     GCG will have no further obligations (arising out of the Retention
        Agreement or otherwise) to the Court, the Debtors, the Liquidation Trust
        Administrator, or their estates or creditors, or any party in interest with
        respect to the Chapter 11 Cases;

(ii)    Within thirty (30) days of entry of the Final Decree and Order, GCG is
        directed to forward to the Clerk of the United States Bankruptcy Court for
        the Northern District of Illinois (the "Clerk of the Court") a final claims
        register in both alphabetical and numerical order;

(iii)   Within thirty (30) days of entry of the Final Decree and Order, GCG is
        directed to forward to the Clerk of Court all original proofs of claim;

9

(iv)    Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG may reduce the interactive public case administration website to a static homepage with basic information about the Chapter 11 Cases, and in its discretion, GCG may opt to deactivate the website altogether;

(v)    Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG shall deactivate the responses to the telephone number;

(vi)    Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG shall close the post office box dedicated to receiving mail in the Chapter 11 Cases;

(vii)    Should GCG receive any mail after entry of the Final Decree and Order, GCG will collect and forward such mail on a regular basis to the following address:

The ShoreBank Corporation Liquidation Trust Administrator,
333 Thornall St., 6th Floor
Edison, NJ 08837
(Attn:  Clifford A. Zucker)

(viii)    GCG shall be under no obligation to process claims or ballots received after entry of the Final Decree and Order;

(ix)    Upon entry of the Final Decree and Order, GCG shall retain all original paper correspondence received in the Chapter 11 Cases (with the exception of the original proofs of claim, which are to be sent to the Clerk) for a period of ten (10) years following entry of the Final Decree and Order, after which GCG may destroy the paper correspondence;

(x)    Upon entry of the Final Decree and Order, GCG shall retain all pertinent e-mails, facsimiles, and other electronic transmissions received by GCG in the Chapter 11 Cases for a period of one (1) year following entry of the Final Decree and Order, after which GCG, in its discretion, may delete such e-mails, facsimiles, and other electronic transmissions;

(xi)    Upon entry of the Final Decree and Order, GCG may destroy (A) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes, or any other printed materials, and (B) all undeliverable and/or returned mail not previously destroyed.

31.     The Liquidation Trust Adminstrator shall remit to GCG payment of all outstanding fees and expenses within thirty (30) days of entry of the Final Decree and Order (subject to Court approval in the event of an unresolved dispute).

## NOTICE

32.     Consistent with Local Bankruptcy Rule 3022-1, notice of this Motion has been given to the U.S. Trustee and all known creditors.  The Liquidation Trust Administrator submits that, under the circumstances, no other or further notice is necessary.

33.     WHEREFORE, the Liquidation Trust Administrator respectfully requests entry of the Final Decree and Order substantially in the form annexed hereto as Exhibit A and such other further relief as is just and proper.

Dated: Chicago, Illinois
       October 12, 2012

*/s/ George N. Panagakis*
George N. Panagakis (ARDC No. 06205271)
Justin M. Winerman (ARDC No. 6298779)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois  60606
(312) 407-0700

Counsel for the Liquidation Trust Administrator for
The ShoreBank Corporation Liquidation Trust

11

**Exhibit A**

**Proposed Final Decree and Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-00581 |
| | ) | |
| THE SHOREBANK CORPORATION, et al., | ) | (Substantively Consolidated) |
| | ) | |
| Debtors.[1] | ) | *Chapter 11* |
| | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |

**ORDER GRANTING FINAL DECREE
CLOSING THE DEBTORS' CHAPTER 11 BANKRUPTCY CASES**

Upon the motion (the "Motion") of the Liquidation Trust Administrator for the

Liquidation Trust in the above-captioned cases of the chapter 11 debtors (collectively, the

"Debtors") for a final decree and order closing the Chapter 11 Cases (defined below); and it

appearing that the Debtors' estates have been fully administered and that all transfers of property

and distributions required to be made by the Plan have been made; and the Liquidation Trust

Administrator having submitted the Closing Report (as defined in the Motion); and the Court

having considered the record of the proceedings in the Chapter 11 Cases; and good and sufficient

notice of the relief requested in the Motion having been given; and it appearing that no other or

further notice need be given; and after due consideration and  good and sufficient cause

appearing therefore, it is hereby

---

[1]    The Debtors consist of: The ShoreBank Corporation (EIN: 36-2749995); ShoreBank Capital Corporation (EIN: 36-2954117); ShoreBank Development Corporation (EIN: 36-2950598); ShoreBank Pacific Corporation (EIN: 91-1837395); Shore Overseas Corporation (EIN: 36-4080746); ShoreCap Management, Ltd. (EIN: 61-1452284)]; ShoreBank Lands Corporation (EIN: [●]); ShoreBank New Markets Fund, Inc. (EIN: 41-2223726); SBK NMTC Fund I, LLC (EIN: 41-2223728); SBK NMTC Fund II, LLC (EIN: 41-2223731); SBK NMTC Fund III, LLC (EIN: 41-2223734); SBK NMTC Fund IV LLC (EIN: 41-2223735).

ORDERED THAT:

1.      Pursuant to Section 350(a) of the Bankruptcy Code, Bankruptcy Rule

3022, and Local Bankruptcy Rule 3022-1, the Debtors' cases, as listed on <u>Exhibit 1</u> attached

hereto (collectively, the "<u>Chapter 11 Cases</u>") are hereby closed.


2.      The Clerk of the Court shall enter this final decree and order (the "<u>Final</u>

<u>Decree and Order</u>") on the docket of the Chapter 11 Cases and such docket thereafter shall be

marked as closed.

3.      The Final Decree and Order shall be served on all known parties in

interest.

4.      Within fourteen (14) days of the entry of this Order, the Liquidation Trust

Administrator shall file with the Court and serve upon the Office of the Untied States Trustee a

statement of disbursements made since the last payment of quarterly fees to the Office of the

United States Trustee, and submit with such statement payment of any amount that would be due

and owing to the Office of the United States Trustee under 28 U.S.C. § 1930 with respect to such

disbursements.

5.      The dissolution of the Debtors is hereby approved, and the Debtors shall

all be deemed dissolved.

6.      The termination of GCG's retention and the release of GCG from any

further obligations in the Chapter 11 Cases is hereby approved.  Specifically,

(i)      GCG will have no further obligations (arising out of the Retention
Agreement or otherwise) to the Court, the Debtors, the Liquidation Trust
Administrator, or their estates or creditors, or any party in interest with
respect to the Chapter 11 Cases;

(ii)      Within thirty (30) days of entry of the Final Decree and Order, GCG is
directed to forward to the Clerk of the United States Bankruptcy Court for

2

the Northern District of Illinois (the "Clerk of the Court") a final claims register in both alphabetical and numerical order;

(iii)  Within thirty (30) days of entry of the Final Decree and Order, GCG is directed to forward to the Clerk of Court all original proofs of claim;

(iv)  Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG may reduce the interactive public case administration website to a static homepage with basic information about the Chapter 11 Cases, and in its discretion, GCG may opt to deactivate the website altogether;

(v)  Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG shall deactivate the responses to the telephone number;

(vi)  Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG shall close the post office box dedicated to receiving mail in the Chapter 11 Cases;

(vii)  Should GCG receive any mail after entry of the Final Decree and Order, GCG will collect and forward such mail on a regular basis to the following address:

The ShoreBank Corporation Liquidation Trust Administrator,
333 Thornall St., 6th Floor
Edison, NJ 08837
(Attn:  Clifford A. Zucker);

(viii)  GCG shall be under no obligation to process claims or ballots received after entry of the Final Decree and Order;

(ix)  Upon entry of the Final Decree and Order, GCG shall retain all original paper correspondence received in the Chapter 11 Cases (with the exception of the original proofs of claim, which are to be sent to the Clerk) for a period of ten (10) years following entry of the Final Decree and Order, after which GCG may destroy the paper correspondence;

(x)  Upon entry of the Final Decree and Order, GCG shall retain all pertinent e-mails, facsimiles, and other electronic transmissions received by GCG in the Chapter 11 Cases for a period of one (1) year following entry of the Final Decree and Order, after which GCG, in its discretion, may delete such e-mails, facsimiles, and other electronic transmissions;

(xi)  Upon entry of the Final Decree and Order, GCG may destroy (A) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes, or any other printed materials, and (B) all undeliverable and/or returned mail not previously destroyed.

3

7.      The Liquidation Trust shall remit to GCG payment of all outstanding fees and expenses within thirty (30) days of entry of this Final Decree and Order (subject to Court approval in the event of an unresolved dispute).

8.      This Final Decree and Order is without prejudice to the rights of the Liquidation Trust Administrator or any other party in interest to seek to reopen the Chapter 11 Cases for good cause shown.

9.      This Court shall retain jurisdiction (a) with respect to all matters arising from or related to the implementation or interpretation of this Final Decree and Order and (b) to enforce or interpret its own orders pertaining to the Chapter 11 Cases.  Furthermore, this Court shall retain jurisdiction over any matter pending in the Chapter 11 Cases as of the date of entry of this Final Decree and Order.

10.     Notwithstanding any stay that might be applicable to this Final Decree and Order, this Final Decree and Order shall be effective and enforceable immediately upon entry hereof.

Dated: Chicago, Illinois
        _____, 2012


        _____
        UNITED STATES BANKRUPTCY JUDGE
        The Honorable A. Benjamin Goldgar

4

**Exhibit 1**

**Schedule of Chapter 11 Cases to be Closed**

| Debtor | Bankruptcy Case No. |
|--------|---------------------|
| The ShoreBank Corporation | Case No. 12-00581 |
| ShoreBank Pacific Corporation | Case No. 12-00590 |
| ShoreBank Capital Corporation | Case No. 12-00593 |
| ShoreBank Development Corporation | Case No. 12-00589 |
| Shore Overseas Corporation | Case No. 12-00605 |
| ShoreCap Management, Ltd. | Case No. 12-00591 |
| ShoreBank Lands Corporation | Case No. 12-00594 |
| ShoreBank New Markets Fund, Inc. | Case No. 12-00597 |
| SBK NMTC Fund I, LLC | Case No. 12-00599 |
| SBK NMTC Fund II, LLC | Case No. 12-00602 |
| SBK NMTC Fund III, LLC | Case No. 12-00606 |
| SBK NMTC Fund IV, LLC | Case No. 12-00607 |

**Exhibit B**

**Closing Report**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-00581 |
|  | ) |  |
| THE SHOREBANK CORPORATION, | ) | (Substantively Consolidated) |
| et al., | ) |  |
|  | ) | *Chapter 11* |
| Debtors.[1] | ) |  |
|  | ) | Hon. A. Benjamin Goldgar |
|  | ) |  |

**CLOSING REPORT IN CHAPTER 11 CASES**

To the best of my knowledge and belief, the following is a breakdown in the above-captioned Chapter 11 Cases[2] of the Debtors:

**Section 1.**

$349,949.50[3]      FEES AND DISBURSEMENTS FOR ATTORNEY FOR DEBTORS

$288,185.46[4]      OTHER PROFESSIONAL FEES

---

[1]   The Debtors consist of: The ShoreBank Corporation (EIN: 36-2749995); ShoreBank Capital Corporation (EIN: 36-2954117); ShoreBank Development Corporation (EIN: 36-2950598); ShoreBank Pacific Corporation (EIN: 91-1837395); Shore Overseas Corporation (EIN: 36-4080746); ShoreCap Management, Ltd. (EIN: 61-1452284)]; ShoreBank Lands Corporation (EIN: [●]); ShoreBank New Markets Fund, Inc. (EIN: 41-2223726); SBK NMTC Fund I, LLC (EIN: 41-2223728); SBK NMTC Fund II, LLC (EIN: 41-2223731); SBK NMTC Fund III, LLC (EIN: 41-2223734); SBK NMTC Fund IV LLC (EIN: 41-2223735).

[2]   Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Motion for Final Decree and Order Closing the Debtors' Bankruptcy Case to which this Closing Report is attached.

[3]   The amount indicated herein as "FEES AND DISBURSEMENTS FOR ATTORNEY FOR DEBTORS" represents the total amount of fees and disbursements that the Debtors and/or the Liquidation Trust Administrator actually paid to Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") for its services as the Debtors' bankruptcy counsel during the Case Period (as defined in the Final Compensation Order (as defined below), and as approved by this Court pursuant to its Order Granting in Part and Denying in Part First and Final Fee Application of Skadden, Arps, Slate, Meagher & Flom LLP as Counsel to the Debtors [Docket No. 188] (the "Final Compensation Order").

[4]   The amount indicated herein as "OTHER PROFESSIONAL FEES" represents the total amount of fees and expenses that the Debtors and/or the Liquidation Trust Administrator actually paid to Foley & Lardner ("Foley"), as counsel to the Official Committee of Unsecured Creditors, and J.H. Cohn, as financial advisor to the Official Committee of Unsecured Creditors, for their services during the Case Period as approved by this Court in the respective Orders granting in part and denying in part the first and final fee applications of Foley and J.H. Cohn [Docket Nos. 189 and 190, respectively].

N/A[5]_____  TRUSTEE FEE (if applicable)

N/A_____  FEE FOR ATTORNEY FOR TRUSTEE (if applicable)

$13,948,889_____  DISBURSEMENTS PAID TO CREDITORS UNDER THE PLAN TO
_____     DATE

**Section 2.**  STEPS TAKEN TO CONSUMMATE PLAN:

      The Confirmation Order is final, and the Plan was substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.  Since June 29, 2012, the Effective Date, the Liquidation Trust Administrator has resolved all outstanding proofs of claim, has commenced distributions required under the Plan, has or will pay all necessary fees to the UST, and has paid all outstanding approved professional fees pursuant to the Orders entered by the Court.  The distributions made under the Plan are further described in the Motion to which this Closing Report is attached.

Dated:   Chicago, Illinois            THE SHOREBANK CORPORATION
        October 12, 2012            LIQUIDATION TRUST
                           By: */s/ Clifford A. Zucker*_____
                               Clifford A. Zucker
                               Liquidation Trust Administrator

---

[5]  Prior to emergence from bankruptcy on the Effective Date, the Debtors operated their businesses and managed their properties as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code, and as such no trustee was appointed in the Chapter 11 Cases.